IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANNA SUSSMAN, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:21-cv-00298 |
| | § § | JURY DEMANDED |
| UNIVERSITY OF TEXAS MEDICAL BRANCH | § § § § | |
| Defendant. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE U.S. DISTRICT JUDGE:**

**NOW COMES**, Plaintiff, ANNA SUSSMAN (hereinafter referred to as "Plaintiff" or "Ms. Sussman"), complaining of and about Defendant, UNIVERSITY OF TEXAS MEDICAL BRANCH (hereinafter referred to as "Defendant" or "UTMB"), and for cause of action files this Original Complaint, showing to the Court the following:

**I.
PARTIES AND SERVICE**

1.      Plaintiff, Anna Sussman, is a citizen of the United States and the State of Texas and resides in Houston, Harris County, Texas.

2.      Defendant, University of Texas Medical Branch, within the State of Texas and operating business in Galveston, Galveston County, Texas.

1

3. Defendant University of Texas Medical Branch may be served with process by serving its Registered Agent of Service: Maria L. Gonzalez, 301 University Boulevard Rt 0985 Galveston, TX 77555-0985 USA.

## II.
## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes, namely Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e-2(a)(1) (2012).

5. Venue is proper in the Southern District of Texas – Houston Division pursuant to 28 U.S.C. § 1391(a), because this is the judicial district where a substantial part of the events or omission giving rise to the claim occurred.

## III.
## NATURE OF ACTION

6. This is an action brought pursuant to Title VII on the grounds that Plaintiff was discriminated against on the basis of her race (Hispanic) in violation of Title VII.

7. This action also further seeks to recover damages for Defendant's violation of the Texas Commission on Human Rights Act ("TCHRA"). Specifically, Plaintiff complains that Defendant discriminated against her on the basis of her race. Plaintiff can establish that her similarly situated, non-Hispanic counterparts were treated more favorably in violation of TCHRA. *See* TEX. LAB. CODE § 21.008 *et seq*.

8. This is an action brought pursuant to Title VII and TCHRA to correct and recover for Defendant's unlawful employment practices on the bases of Plaintiff's race, harassment and hostile work environment, under Title VII of the Civil Rights Act of 1964, and Defendant's

retaliation against Plaintiff for her opposition to such discriminations. This action seeks to recover damages caused to Plaintiff by Defendant's unlawful and discriminatory employment practices, including damages from Plaintiff's disciplinary actions from Defendant.

## IV.
## CONDITIONS PRECEDENT
## EXHAUSTION OF ADMINISTRATION REMEDIES

9. All conditions precedent to jurisdiction have occurred with regard to exhaustion of administrative remedies.

10. On November 13, 2019, Plaintiff filed a charge with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant for discrimination based on sex, retaliation, and other (harassment; hostile work environment) (Charge No. 460-2020-00906).

11. Subsequently the EEOC issued Plaintiff a Notice of Right Sue, dated November 12, 2020. Plaintiff files this lawsuit within ninety (90) days of receiving the Notice. Therefore, this lawsuit is timely filed.

## V.
## FACTS

12. Plaintiff began her tenure at UTMB in June 2003. Plaintiff began her UTMB career as a Nurse Clinician I. Over the years, Plaintiff built an outstanding reputation, inside and outside UTMB, firmly grounded upon Plaintiff's unquestionable work ethic and loyalty to UTMB. Steady and exemplary performance resulted in repeated promotions for Plaintiff, and Plaintiff was promoted to the position as a Nurse Clinician IV at the University of Texas Medical Branch Galveston campus.

13. The conditions at Plaintiff's workplace began changing for the worse in June 2019, when the UTMB manager, Ms. Penny Priestley ("Ms. Priestly") hired Ms. Sarah P. Brown ("Ms.

Brown") as the new Patient Care Facilitator, thus placing Ms. Brown directly above Plaintiff's position in UTMB's hierarchy. Ms. Brown's repeated harassment and hostility towards Plaintiff, which transpired on Ms. Brown's very first day on the job, became a part of Plaintiff's daily routine.

14. Normally Plaintiff would work nights and cover different floors of UTMB's facility due to staffing problems with the night shifts. Ms. Brown would continuously follow Plaintiff around and harass Plaintiff with questions unrelated to her work or performance. Ms. Brown always looked for ways to denigrate and belittle Plaintiff personally and professionally, typically questioning Plaintiff's judgment and professional qualities. Plaintiff tried to evade the harassment as much as humanly possible, but Ms. Brown was relentless about reaching out to Plaintiff. If Ms. Brown was unable to physically intimidate Plaintiff, she would reach out to Plaintiff via email attacking her credibility and professionalism.

15. For example, one night as Plaintiff was finishing her night shift, Ms. Brown saw Plaintiff talking on the phone. Ms. Brown grabbed the phone from Plaintiff's hand without asking or a warning and hung up on the caller. Plaintiff was speaking with Ms. Priestly about a staffing issue at the facility. Ms. Brown admonished Plaintiff, stating that "staffing [was] not important." Ms. Brown proceeded to berate Plaintiff and question her ability to be a Nurse Clinician IV only because Plaintiff requested additional staff for the night staff.

16. Things continued to get worse as Ms. Brown's employment continued. Shortly after the previous incident, Ms. Brown began to spread half-truths and outright lies about Plaintiff to co-workers and peers. Ms. Brown would instruct Plaintiff that certain things were not needed to be done, abruptly, and behind her back. Ms. Brown would then tell Ms. Priestly the opposite and blame Plaintiff for poor performance. Ms. Brown's actions caused Plaintiff mental and physical

4

stress, which was a direct result of the abuse of power by UTMB's management.

17.     At a certain point, the work atmosphere became so stressful Plaintiff was forced to seek medical attention.  Plaintiff's doctor prescribed her medication and diagnosed her with major depressive disorder, anxiety, suicide ideation, and panic attacks. However, none of that mattered to UTMB so Plaintiff was forced to seek the protection of the federal law and take an FMLA leave to tend to her work-related injuries.

18.     It was apparent from the inception of Plaintiff's employment that she was going to be an asset to the institution which is why she had been promoted from Nurse Clinician I to Nurse Clinician IV through her career with UTMB.  However, Plaintiff did not envision that her job would be the cause of any major depression disorder or other mental or physical illnesses.  Plaintiff suffered great distress, physical pain, and hardship because, after more than seventeen (17) years working for UTMB, her life and career were under threat from an incompetent and abusive supervisor.

19.      On August 20, 2019, Plaintiff was forced to go on the FMLA leave to tend to the injuries she suffered as a direct result of UTMB's actions. For some time now, UTMB has been condoning a hostile work environment by allowing its employees to yell, swear, manipulate, intimidate, and disrespect Plaintiff and other employees, without any punishment or remorse and without any remedy available to its employees. As a foreseeable result of the daily suffering, Plaintiff suffered mental and physical stress that affected her daily life to a point where she cannot, for now, return to work.

20.     When Plaintiff raised the issue of harassment with UTMB's HR department, prior to the situation descending to the point of actionable discrimination and harassment, all Plaintiff

received was ridicule and accusations of unwillingness to work. No help, counseling, or anything of sorts ever came from Plaintiff's complaints to Defendant's HR.

21. Ms. Brown's attitude was not limited only towards Plaintiff. As UTMB's own ongoing investigation into Ms. Brown shows, many other employees reported Ms. Brown's behavior, all who suddenly became "unwilling to work" shortly after being placed under the supervision of Ms. Brown. However, that investigation never came about when Plaintiff needed it most and when it could have prevented many of the damages that Plaintiff is now entitled to recover.

22. Moreover, the evidence unambiguously shows that Ms. Brown was harassing exclusively her Hispanic supervisees, with Plaintiff included. By ignoring Plaintiff's HR complaints, UTMB allowed the culture of animus towards Hispanic people to flourish, thus adding to Plaintiff's injury.

## VI.
## CAUSE OF ACTION
## COUNT 1 – TITLE VII RACE DISCRIMINATION

23. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as it fully set forth herein.

24. Defendant intentionally engaged in unlawful employment practices of discriminating against Plaintiff on the basis of Plaintiff's race.

25. Plaintiff is a member of a protected class, namely Hispanic, clearly qualified for the position she was holding with Defendant.

26. Plaintiff was subjected to adverse employment actions, namely, discrimination against in connection with the compensation, terms, conditions, and privileges of employment, as

well as limited, segregated, or classified in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect her status on the account of Plaintiff's race (Hispanic), in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a).

27. Defendant's non-Hispanic employees were treated more favorably compared to Plaintiff.

## COUNT 2 – TCHRA RACE DISCRIMINATION

28. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

29. Defendant intentionally engaged in unlawful employment practices involving Plaintiff because of her race (Hispanic).

30. Defendant discriminated against the Plaintiff in connection with the compensation, terms, conditions, and privileges of employment; or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive Plaintiff of any employment opportunity or adversely affect Plaintiff's status because of Plaintiff's race (Hispanic), in violation of Texas Labor Code § 21.051 *et seq*.

## COUNT 3- TITLE VII RETALIATION

31. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

32. Plaintiff engaged in activities protected by applicable federal and state law, namely, reported discrimination at the hands of Defendant on the basis of her race.

33. Defendant intentionally retaliated against Plaintiff because of the said complaints of race discrimination made to Defendant, subjecting Plaintiff to disciplinary actions from

Defendant.

## COUNT 4 - TCHRA RETALIATION

34. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as if fully set forth herein.

35. Defendant intentionally retaliated against Plaintiff because of the complaints of discrimination made to Defendant in violation of the Texas Labor Code § 21.055.

## VII.
## DAMAGES

36. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a) Compensatory damages (including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic damages) allowed under the Texas Labor Code.

   b) Economic damages in the form of lost back pay and lost fringe benefits in the past. Economic damages, in the form of lost wages and fringe benefits that will, in reasonable probability, be sustained in the future.

   c) All reasonable and necessary costs in pursuit of this suit, including attorney's fees pursuant to the Texas Labor Code.

37. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff hereby seeks monetary relief over $200,000 but not more than $1,000,000 including costs, expenses, pre- and post-judgment interests, and attorney's fees. Plaintiff further requests that the non-expedited rules apply in this case.

## VIII.
## JURY DEMAND

38. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## IX.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Anna Sussman, respectfully prays that Defendant, UNIVERSITY OF TEXAS MEDICAL BRANCH, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court, together with interest as allowed by law, costs of court, and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully Submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District I.D. 713316
Andrew R. Young
Texas Bar No. 24110567
Southern District I.D. 3370322
5120 Woodway Dr., Suite 10010
Houston, TX 77056
Main: 713-742-0900
Fax: 713-742-0951
Alfonso.kennard@kennardlaw.com
Andrew.young@kennardlaw.com
**ATTORNEYS FOR PLAINTIFF
ANNA SUSSMAN**