**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ANNA SUSSMAN, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:21-cv-00298 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL BRANCH, | § | |
| Defendant. | § | |

**OPINION AND ORDER**
**GRANTING MOTION TO DISMISS**

The motion by Defendant University of Texas Medical Branch to dismiss is granted. Dkt 7.

1. Background

Plaintiff Anna Sussman began working for Defendant University of Texas Medical Branch in June 2003 at the level of *Nurse Clinician I*. She was eventually promoted to the level of *Nurse Clinician IV* at the UTMB Galveston campus. Dkt 1 at ¶ 12. Counsel confirmed at hearing that Sussman is still employed by UTMB but without advising as to her current position or duties.

Penny Priestley was (and possibly still is) her manager. Sussman states that Priestly hired Sarah Brown in June 2019 to be the *Patient Care Facilitator*. Sussman alleges that Brown was "directly above" her in the UTMB hierarchy and was immediately hostile, harassing her daily. Id at ¶ 13. She claims, for example, that Brown would follow her to harass her with questions unrelated to her work or performance. She also claims that Brown "always looked for ways to denigrate and belittle" her by questioning her "judgment and professional qualities." Sussman says that she tried to avoid Brown, but Brown would still reach

out via email, "attacking her credibility and professionalism." Id at ¶ 14.

Sussman specifically describes one incident where she was on the phone with Priestley discussing a staffing issue. She alleges that Brown grabbed the phone from her and hung up without asking. Sussman also claims that Brown told her staffing wasn't important and proceeded to "berate" her and "question her ability to be a Nurse Clinician IV" because she "requested additional staff for the night staff." Id at ¶ 15. And she alleges that Brown thereafter began to spread "half-truths and outright lies" about her to coworkers and peers. And further, that Brown would tell her that certain tasks needn't be done, only to then tell Priestly the opposite and blame Sussman for "poor performance." Id at ¶ 16.

Sussman thus asserts that "the evidence unambiguously shows that Ms. Brown was harassing exclusively her Hispanic supervisees," including Sussman. And, Sussman says, UTMB "allowed the culture of animus towards Hispanic people to flourish" by ignoring her complaints about Brown. Id at ¶ 22.

Sussman states that she sought medical attention because of this situation with Brown, and that her doctor prescribed medication upon diagnosis of "major depressive disorder, anxiety, suicide ideation, and panic attacks." Id at ¶ 17. Sussman says that in August 2019 she was ultimately "forced to seek the protection of the federal law and take an FMLA leave to tend to her work-related injuries." Id at ¶¶ 17, 19.

Sussman alleges that she "raised the issue of harassment with UTMB's human resources department, prior to the situation descending to the point of actionable discrimination and harassment." Id at ¶ 20. But, Sussman says, she was ridiculed and accused of being unwilling to work and wasn't offered "help, counseling, or anything of sorts." Ibid. Sussman later filed a charge with the United States Equal Employment Opportunity Commission against UTMB in November 2019 "for discrimination based on sex, retaliation, and other (harassment; hostile work environment)." The EEOC issued Sussman a right-to-sue notice in November 2020. Id at ¶ 10. She then brought this action against UTMB in January 2021, asserting claims for

race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 USC § 2000e-2(a), and § 21.051 of the Texas Labor Code. Id at ¶¶ 23–30. She also asserts claims for retaliation in violation of Title VII and § 21.055 of the Texas Labor Code. Id at ¶¶ 31–35.

UTMB moves to dismiss the claims under the Texas Labor Code pursuant to rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. And it moves to dismiss the race-discrimination and retaliation claims under Title VII pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Dkt 7. Oral argument was heard on the motion. Dkt 15.

2. Legal standard

a. Rule 12(b)(1)

Federal courts are ones of limited jurisdiction. *Howery v Allstate Insurance Co*, 243 F3d 912, 916 (5th Cir 2001), citing *Kokkonen v Guardian Life Insurance Co of America*, 511 US 375, 377 (1994). Rule 12(b)(1) permits a defendant to seek dismissal of an action for lack of subject-matter jurisdiction. The Fifth Circuit holds that dismissal is appropriate "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liability Litigation (Mississippi Plaintiffs)*, 668 F3d 281, 286 (5th Cir 2012), quoting *Home Builders Association, Inc v City of Madison*, 143 F3d 1006, 1010 (5th Cir 1998).

The burden is on the party asserting jurisdiction to establish by a preponderance of the evidence that subject-matter jurisdiction is proper. *New Orleans & Gulf Coast Railway Co v Barrois*, 533 F3d 321, 327 (5th Cir 2008), citing *Howery*, 243 F3d at 919; *Paterson v Weinberger*, 644 F2d 521, 523 (5th Cir 1981). Indeed, a presumption against subject-matter jurisdiction exists that "must be rebutted by the party bringing an action to federal court." *Coury v Prot*, 85 F3d 244, 248 (5th Cir 1996).

b. Rule 12(b)(6)

Rule 8(a)(2) requires a plaintiff's complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows the defendant to seek

3

dismissal if the plaintiff fails "to state a claim upon which relief can be granted."

Read together, the Supreme Court has held that Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atlantic Corp v Twombly*, 550 US 544, 555 (2007). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v Taylor*, 503 F3d 397, 401 (5th Cir 2007), quoting *Twombly*, 550 US at 555.

A complaint must therefore contain enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 US at 570. A claim has *facial plausibility* "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 US at 678, citing *Twombly*, 550 US at 556. This standard on plausibility is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 US at 678, quoting *Twombly*, 550 US at 557.

Review on motion to dismiss under Rule 12(b)(6) is constrained, being generally limited to the contents of the complaint and its attachments. *Brand Coupon Network LLC v Catalina Marketing Corp*, 748 F3d 631, 635 (5th Cir 2014). The reviewing court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Walker v Beaumont Independent School District*, 938 F3d 724, 735 (2019). But "courts 'do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Vouchides v Houston Community College System*, 2011 WL 4592057, *5 (SD Tex), quoting *Gentiello v Rege*, 627 F3d 540, 544 (5th Cir 2010).

3. Analysis

a. TCHRA claims

Sussman brings claims for race discrimination and retaliation under §§ 21.051 and 21.055 of the Texas Labor Code, otherwise known as The Texas Commission on Human Rights Act. Dkt 1 at ¶¶ 28–30, 34–35. UTMB moves to dismiss those claims

pursuant to Rule 12(b)(1) as barred by sovereign immunity. Dkt 7 at 4–5.

The Fifth Circuit observes, "In the TCHRA, the State of Texas waives its immunity to suit in state courts, but it 'does not expressly waive sovereign immunity in *federal* court.'" *Sullivan v Texas A&M University System*, 986 F3d 593, 599 (5th Cir 2021), quoting *Perez v Region 20 Education Service Center*, 307 F3d 318, 332 (5th Cir 2002) (emphasis in original). This is because "a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst State School & Hospital v Halderman*, 465 US 89, 99 n 9 (1984) (citations omitted). As such, "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." *Hernandez v Texas Department of Human Services*, 91 F Appx 934, 935 (5th Cir 2004, *per curiam*), citing *Pennhurst*, 465 US at 120.

This is in fact a well-settled proposition as applied to the TCHRA. For example, see *Pequeño v University of Texas at Brownsville*, 718 F Appx 237, 241 (5th Cir 2018); *Wei-Ping Zeng v Texas Tech University Health Science Center*, 836 F Appx 203, 207 (5th Cir 2020, *per curiam*); *Hernandez v Texas Department of Human Services*, 91 F Appx 934, 935 (5th Cir 2004, *per curiam*) (citation omitted). Yet counsel for Sussman flatly represented at hearing that no reported Fifth Circuit precedent establishes that TCHRA claims are barred by the Eleventh Amendment in federal court absent waiver. He also didn't disclose that he was counsel of record in the citation above of *Sullivan v Texas A&M University System*. That published Fifth Circuit opinion issued in February 2021, plainly holds that TCHRA claims *are* barred by sovereign immunity (unless waived) in federal court. 986 F3d at 599.

The TCHRA claims must be dismissed. The lack of candor by counsel in this regard is concerning and will be addressed by separate order.

### b. Race-discrimination claim

Sussman brings a claim for race discrimination in violation of Title VII. Dkt 1 at ¶¶ 23–27. UTMB moves to dismiss for failure to state a claim. Dkt 7 at 5–9.

A *prima facie* case for race discrimination requires a plaintiff to show that:
- *First,* she is a member of a protected class;
- *Second,* she was qualified for the position;
- *Third,* she was subject to an adverse employment action; and
- *Fourth,* she was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably.

*Bryan v McKinsey & Co*, 375 F3d 358, 360 (5th Cir 2004) (citations omitted).

Sussman hasn't sufficiently pleaded the third element of her race-discrimination claim. The Fifth Circuit holds, "Adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Green v Administrators of Tulane Educational Fund*, 284 F3d 642, 657 (5th Cir 2002), citing *Walker v Thompson*, 214 F3d 615, 629 (5th Cir 2000). On the other hand, precedent makes clear that criticism such as "oral threats or abusive remarks, does not rise to the level of an adverse employment action." *Breaux v City of Garland*, 205 F3d 150, 158 (5th Cir 2000), citing *Harrington v Harris*, 118 F3d 359, 366 (5th Cir 1997).

Sussman hasn't alleged that she's been terminated, demoted, denied a promotion, or denied leave. There's also no indication that her salary or benefits have been impacted. And counsel confirmed at hearing that Sussman still works at UTMB. As such, Sussman hasn't sufficiently pleaded facts to establish that she was subject to any ultimate employment decision.

Sussman fails to allege a *prima facie* claim of race discrimination under Title VII. The claim must be dismissed.

c. Retaliation claim

UTMB also moves to dismiss the Title VII retaliation claim pursuant to Rule 12(b)(6). Dkt 7 at 5–9; see Dkt 1 at ¶¶ 31–33.

A *prima facie* case for a retaliation requires a plaintiff to show that:

- - *First,* she engaged in activity protected by Title VII;
  - *Second,* the defendant took an adverse employment action against her; and
  - *Third,* a causal connection exists between the protected activity and the adverse employment action.

*Zamora v City of Houston*, 798 F3d 326, 331 (5th Cir 2015) (citations omitted).

To sufficiently plead the second element, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Railway Co v White*, 548 US 53, 68 (2006) (quotations omitted). The Fifth Circuit holds that "retaliatory adverse employment actions also need not rise to the level of ultimate employment decisions." *Welsh v Fort Bend Independent School District*, 941 F3d 818, 827 (5th Cir 2019) (citations omitted). But on the other hand, "Title VII's anti-retaliation provisions do not protect employees from 'petty slights, minor annoyances, and simple lack of good manners.'" Ibid, quoting *Burlington Northern*, 548 US 53, 67–68. When determining whether an allegedly retaliatory action is materially adverse, courts "look to indicia such as whether the action affected 'job title, grade, hours, salary, or benefits' or caused 'a diminution in prestige or change in standing among . . . co-workers.'" *Paul v Elayn Hunt Correctional Center*, 666 F Appx 342, 346 (5th Cir 2016, *per curiam*), quoting *Stewart v Mississippi Transportation Commission*, 586 F3d 321, 332 (5th Cir 2009) (alterations in original).

Sussman hasn't satisfied this element of her retaliation claim. She hasn't alleged that her job title, grade, hours, salary, or benefits changed in any way or that she suffered a diminution in prestige or change in standing among coworkers. No pleaded fact otherwise suggests that Sussman has been subject to any adverse employment action in the retaliation context.

Sussman fails to allege a *prima facie* claim of retaliation under Title VII. This claim must be dismissed.

### 4. Potential for repleading

Rule 15(a)(2) provides that a district court "should freely give leave [to amend] when justice so requires." The Fifth Circuit holds that this "'evinces a bias in favor of granting leave to amend.'" *Carroll v Fort James Corp*, 470 F3d 1171, 1175 (5th Cir 2006) (citation omitted). But the decision whether to grant leave to amend is within the sound discretion of the district court. *Pervasive Software Inc v Lexware GmbH & Co KG*, 688 F3d 214, 232 (5th Cir 2012) (citation omitted). It may be denied "when it would cause undue delay, be the result of bad faith, represent the repeated failure to cure previous amendments, create undue prejudice, or be futile." *Morgan v Chapman*, 969 F3d 238, 248 (5th Cir 2020), citing *Smith v EMC Corp*, 393 F3d 590, 595 (5th Cir 2004).

The TCHRA claims will be dismissed without prejudice because subject-matter jurisdiction is lacking. Sussman may not replead them.

The claims pursuant to Title VII are extremely thin as pleaded. But they haven't been subject to prior challenge by UTMB or amendment by Sussman, and it isn't clear that repleading would be entirely futile. These claims will thus be dismissed without prejudice. Any further attempt to plead them will be subject to consideration under Rule 11(b). Prior to seeking leave, Sussman must share a draft of her amended complaint with UTMB. When conferring, UTMB must identify and attempt to resolve in good faith any issues upon which it would intend to bring further motion under Rule 12(b)(6) or Rule 12(c), in line with Section 17 of this Court's procedures.

### 5. Conclusion

The motion by Defendant University of Texas Medical Branch to dismiss the claims against it pursuant to Rules 12(b)(1) and (b)(6) is GRANTED. Dkt 7.

The claims for race discrimination and retaliation under §§ 21.051 and 21.055 of the Texas Labor Code are DISMISSED WITHOUT PREJUDICE without leave to replead.

The claims for race discrimination and retaliation under Title VII are DISMISSED WITHOUT PREJUDICE. Sussman may seek leave to replead in this regard by June 25, 2021.

SO ORDERED.

Signed on June 4, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge